UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **G&G CLOSED CIRCUIT EVENTS, LLC,** *as Broadcast Licensee of the November 2, 2019 Saul "Canelo" Alvarez v. Sergey Kovalev Championship Fight Program,* § § § § § § | | |
| *Plaintiff*, § | | |
| v. § | EP-22-CV-00402-DCG | |
| § | | |
| **OSMAYNEZ, LLC,** *individually, and d/b/a Chankla's Hole in the Wall*; **and OSCAR MAYNEZ,** *individually, and d/b/a Chankla's Hole in the Wall,* § § § § § | | |
| *Defendants.* § | | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Plaintiff G&G Closed Circuit Events, LLC has moved for a default judgment against Defendant Osmaynez, LLC.[1] The Court referred the Motion to U.S. Magistrate Judge Robert F. Castañeda for a report and recommendation ("R. & R.").[2] Judge Castañeda now recommends that the Court grant Plaintiff's Motion in part and deny it in part.[3] For the following reasons, the Court **ACCEPTS** Judge Castañeda's R. & R. **IN FULL**, **GRANTS** Plaintiff's Motion for Default Judgment **IN PART**, and **DENIES** the Motion **IN PART**.

---

[1] *See* Mot. Default J., ECF No. 36.

For reasons explained below, *see infra* Section II.C, Plaintiff *isn't* moving for a default judgment against *Individual* Defendant Oscar Maynez. *See* Mot. Default J. at 1 (emphasizing that Plaintiff is moving "for a default judgment *solely* against Defendant Osmaynez, LLC").

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

[2] *See* Referral Order, ECF No. 57.

[3] *See* R. & R., ECF No. 59, at 14.

I.      BACKGROUND

After Osmaynez failed to validly appear in this case by the applicable deadline,[4] the Clerk of Court entered a default against Osmaynez under Federal Rule of Civil Procedure 55(a).[5] Plaintiff now asks the Court to enter a default *judgment* against Osmaynez under Federal Rule of Civil Procedure 55*(b)*.[6]  Plaintiff asks the Court to award:

(1)     $10,000 in statutory damages;

(2)     $50,000 in additional damages;

(3)     "[a]ttorneys' fees in the amount of one-third" of Plaintiff's ultimate recovery in this case—or, alternatively, attorneys' fees equal to "the hourly time presented in" a declaration that Plaintiff's lead counsel attached to the Motion; and

(4)     "[c]osts and post-judgment interest at the highest lawful rate."[7]

---

[4] *See, e.g.*, Order Appear Sanctions Hr'g, ECF No. 22, at 3 (noting that "[n]one of the Defendants appeared or responded [to Plaintiff's Complaint] by the applicable deadline").

The Court recognizes that the managing member of Osmaynez, LLC (Michael Corbin) *attempted* to appear on the LLC's behalf in this case. *See* Aff., ECF No. 46.  As the Court previously explained, however, Mr. Corbin can't litigate this case on Osmaynez's behalf because (as far as the Court is aware) he isn't an attorney with privileges to practice in this Court.  *See* Order Regarding Unauthorized Filing, ECF No. 47, at 2–6 (explaining that "a member of an LLC has no authority to file documents on the LLC's behalf in a federal lawsuit unless he or she is a licensed attorney," and disregarding Mr. Corbin's filings for that reason).

The Court therefore gave Osmaynez until October 15, 2024 to appear in this case through a licensed attorney. *See* Order Regarding Unauthorized Filing at 6. No attorney appeared on the LLC's behalf by that date; nor has any attorney done so since.

[5] *See* Entry Default, ECF No. 58; *see also* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[6] *See generally* Mot. Default J.; *see also* FED. R. CIV. P. 55(b) (specifying when a federal court may enter a default judgment against a defaulted defendant).

[7] Mot. Default J. at 13.

Although Judge Castañeda recommends that the Court enter a default judgment against Osmaynez as Plaintiff requests, he *doesn't* recommend awarding Plaintiff as much money as it asked for.[8]  Judge Castañeda instead advises the Court to award Plaintiff only:

(1) $1,500 in statutory damages;

(2) $1,875 in additional damages;

(3) $3,300 in attorney's fees; and

(4) costs and post-judgment interest at the applicable legal rate.[9]

## II.    DISCUSSION

**A.    Neither Party Objected to the R. & R., So the Court Will Review it Under the "Clearly Erroneous or Contrary to Law" Standard**

The legal standard that a District Judge applies when reviewing a Magistrate Judge's R. & R. depends on whether a party has filed an objection to the R. & R. by the applicable deadline.  If a party timely objects to an R. & R., "the Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made."[10]  If, however, "no party objects to [a] Magistrate Judge's Report and Recommendation" by the applicable deadline, then "the Court is *not* required to perform a *de novo* review of the

---

[8] *See* R. & R. at 8–14 (characterizing "Plaintiff's requested damages" as "far too high").

Because the Court is reviewing the R. & R. under a highly deferential standard, *see infra* Section II.A, and because the Court ultimately accepts the R. & R. in its entirety, *see infra* Section II.B, the Court won't recount the legal reasoning underlying Judge Castañeda's recommendations.  The Court instead presumes the reader's familiarity with the R. & R.

[9] *See* R. & R. at 10–14.

[10] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

Magistrate Judge's determination"; the Court "need only review [the R. & R.] to decide whether [it's] *clearly erroneous or contrary to law*."[11]

### 1. Plaintiff Didn't Object to the R. & R. by the Applicable Deadline

A party ordinarily has "fourteen days after being served with a copy" of an R. & R. to "serve and file written objections to [the Magistrate Judge's] proposed findings and recommendations."[12] In this case, the Clerk of Court served Plaintiff with the R. & R. on November 25, 2024 by posting it to the electronic case docket.[13] Plaintiff's 14-day deadline to object to the adverse portions of the R. & R. thus expired on December 9, 2024. Plaintiff didn't file an objection by that date. The Court will therefore accept the aspects of the R. & R. that are adverse to Plaintiff unless they're clearly erroneous or contrary to law.[14]

---

[11] *E.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) (emphases added).

[12] 28 U.S.C. § 636(b)(1).

*But see infra* Section II.A.2 (discussing and applying an exception to that general rule).

[13] *See* FED. R. CIV. P. 5(b)(2)(E) (providing that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system," in which case service is (with exceptions not relevant here) "complete upon filing").

*See also, e.g.*, *Mann v. Donald*, No. 7:08-cv-5, 2009 WL 811577, at *1 (M.D. Ga. Mar. 25, 2009) (holding that the "[p]laintiffs' time for filing objections began to run when [the Magistrate Judge's Report and Recommendation] was entered on the docket," "at which time the [plaintiffs] were served with electronic notice of the docketing, as authorized by Federal Rule of Civil Procedure 5(b)(2)(E)").

[14] *See supra* note 11 and accompanying text.

## 2. Osmaynez Didn't Object to the R. & R. by the Applicable Deadline Either

Unlike Plaintiff,[15] Osmaynez isn't represented by an attorney who is a registered user of the Court's electronic filing system.[16] The Clerk of Court therefore served Osmaynez with the R. & R. by mail (rather than electronically).[17]

Where—as here—the Clerk of Court serves an R. & R. by mail, the recipient gets an additional three days to object.[18] The extended 17-day objection period runs from the date that the Clerk's office *deposits* the R. & R. in the mail (rather than, say, from the date the litigant *receives* it).[19]

The Clerk's office deposited the R. & R. in the mail on December 2, 2024.[20] Osmaynez's 17-day objection window therefore closed on December 19th. Osmaynez didn't file an objection

---

[15] *See, e.g.*, Mot. Default J. at 14.

[16] *See supra* note 4; *see also* FED. R. CIV. P. 5(b)(2)(E) (specifying that a paper may be served "by filing it with the court's electronic-filing system," but only if the recipient is "a *registered user*" of that system (emphasis added)).

[17] *See* Certified Mail Receipts, ECF Nos. 60–62; *see also* FED. R. CIV. P. 5(b)(2)(C) (providing that a paper may be served by "mailing it to the person's last known address").

[18] *See* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by] mail . . . 3 days are added after the period would otherwise expire . . . .").

*See also, e.g.*, *Margetis v. Furgeson*, 666 F. App'x 328, 330 n.3 (5th Cir. 2016) (confirming that Rule 6(d) adds three days to the 14-day deadline to object to an R. & R.).

[19] *See* FED. R. CIV. P. 5(b)(2)(C) (stating that service *via* mail "is complete upon *mailing*" (emphasis added)); *see also, e.g.*, *DerMargosian v. Arpin Am. Moving Sys., LLC*, No. 3:12-CV-4687, 2013 WL 787091, at *1 (N.D. Tex. Mar. 4, 2013) (explaining that "service by mail" under Federal Rule of Civil Procedure 5(b)(2)(C) "is considered complete when the pleading or other paper is deposited in the mail").

[20] The Clerk of Court mailed the R. & R. to three different addresses associated with Osmaynez. *See* Certified Mail Receipts. Inputting the tracking numbers for each of those mailings into the U.S. Postal Service's package tracking tool reveals that the Clerk of Court deposited all three of those mailings in the mail on December 2, 2024.

by that date, so the Court will review the entire R. & R. under the deferential "clearly erroneous or contrary to law" standard.[21]

## B. The R. & R. Is Neither Clearly Erroneous Nor Contrary to Law

Having carefully reviewed the R. & R., the Court concludes that it's neither clearly erroneous nor contrary to law.[22] The Court therefore accepts the R. & R. in its entirety. The Court will therefore enter a default judgment against Osmaynez in accordance with Judge Castañeda's recommendation.

## C. The Court Orders Plaintiff to Inform the Court Whether it Intends to Pursue its Claims Against Bankrupt Individual Defendant Oscar Maynez

One last issue remains. Plaintiff brought this suit against two Defendants:

(1) Osmaynez, LLC, against whom Plaintiff has now successfully obtained a default judgment; and

(2) Individual Defendant Oscar Maynez.[23]

Like Osmaynez, Mr. Maynez hasn't appeared in this case to defend himself from Plaintiff's claims.[24] But Plaintiff hasn't yet moved for a default judgment against Mr. Maynez[25] for an important reason: Mr. Maynez has declared bankruptcy,[26] and the Bankruptcy Code (with various exceptions) forbids litigants from pursuing lawsuits against debtors who have filed for

---

[21] *See supra* note 11 and accompanying text.

[22] *See supra* note 8.

[23] *See* Compl., ECF No. 1, at 1–2.

[24] *See* Order Appear Sanctions Hr'g at 3 (noting that "[n]one of the Defendants appeared or responded [to Plaintiff's Complaint] by the applicable deadline").

[25] *See supra* note 1.

[26] *See, e.g.*, Voluntary Petition for Individuals Filing for Bankruptcy, *In re Maynez*, No. 19-31963 (Bankr. W.D. Tex. Nov. 27, 2019), ECF No. 1.

bankruptcy protection.[27]  For that reason, the Court stayed the proceedings against Mr. Maynez while permitting Plaintiff's claims against Osmaynez, LLC to go forward.[28]

Now that the Court has resolved Plaintiff's claims against Osmaynez, the Court must decide what to do with the stayed claims against Mr. Maynez.  It may be the case that the Bankruptcy Code categorically and permanently forbids Plaintiff from pursuing its claims against Mr. Maynez or collecting any money from him.  If so, then the proper course of action might be to dismiss Plaintiff's claims against Mr. Maynez and close the case.  But it might instead be the case that the Bankruptcy Code permits Plaintiff to continue pursuing claims against Mr. Maynez notwithstanding the automatic bankruptcy stay.[29]  In that circumstance, the proper course of action might instead be for this Court to vacate its order staying the proceedings against Mr. Maynez and permit the litigation against him to resume.

---

[27] *See* 11 U.S.C. § 362(a) (providing (with specified exceptions) that a bankruptcy petition "operates as a stay, applicable to all entities, of" (among other things) the "continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the" bankruptcy case began).

*See also, e.g.*, *City of Chicago v. Fulton*, 592 U.S. 154, 156–57 (2021) (explaining that an "automatic consequence of . . . filing . . . a bankruptcy petition is that, with certain exceptions, the petition 'operates as a stay, applicable to all entities,' of efforts to collect [money] from the debtor outside of the bankruptcy forum" (quoting 11 U.S.C. § 362(a))).

*But see infra* note 29 (noting situations in which the automatic bankruptcy stay doesn't apply).

[28] *See* Order Staying Case Against Bankrupt Def., ECF No. 30; Order Allowing Case Proceed Against Non-Bankrupt Co-Def., ECF No. 33.

[29] *See, e.g.*, 11 U.S.C. § 362(b) (carving out various exceptions to the automatic bankruptcy stay); *id.* § 362(d) (providing (subject to various preconditions) that the Bankruptcy Court may "grant relief from the [automatic bankruptcy] stay . . . by terminating, annulling, modifying, or conditioning such stay").

Thus, in the decretal paragraphs below, the Court will order Plaintiff to either:

(1)     voluntarily dismiss its claims against Mr. Maynez; or

(2)     file a brief analyzing how the Court should proceed.[30]

### III.     CONCLUSION

The Court therefore **ACCEPTS** U.S. Magistrate Judge Robert F. Castañeda's "Report and Recommendation" (ECF No. 59) **IN FULL**.

The Court thereby **GRANTS** "Plaintiff's Motion for Default Judgment" (ECF No. 36) **IN PART** and **DENIES** it in part in accordance with Judge Castañeda's recommendation.

The Court will separately issue a default judgment against Defendant Osmaynez, LLC that awards Plaintiff G&G Closed Circuit Events, LLC the amount of damages that Judge Castañeda recommended.[31]

By **January 21, 2025**, Plaintiff **SHALL EITHER**:

(1)     voluntarily dismiss its claims against bankrupt Individual Defendant Oscar Maynez; or

(2)     file a brief analyzing why the Bankruptcy Code doesn't forbid Plaintiff from further pursuing its claims against Mr. Maynez.

---

[30] It doesn't appear that the Bankruptcy Code prohibits the Court from determining *whether* the automatic bankruptcy stay bars Plaintiff from further pursuing its claims against Mr. Maynez. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005) ("[A] district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction."); *San Juan v. Puerto Rico*, 919 F.3d 565, 575 (1st Cir. 2019) ("[A] district court has concurrent jurisdiction with a bankruptcy court to decide whether the automatic stay provision of [the Bankruptcy Code] applies to its own proceedings.").

[31] *See supra* note 9 and accompanying text.

If Plaintiff selects Option (2), Plaintiff **SHALL SUPPORT** its arguments with citations to pertinent legal authority. Should Plaintiff ultimately take the position that the Bankruptcy Code *doesn't* bar further litigation against Mr. Maynez, the Court will alert Mr. Maynez's bankruptcy counsel and give Mr. Maynez a chance to respond.

Because the Court hasn't yet determined the proper course of action regarding Plaintiff's claims against Mr. Maynez, this case **SHALL REMAIN OPEN** for now.

Finally, the Clerk of Court **SHALL MAIL** this Order to the following recipients:

Michael Corbin
3404 Titanic Ave.
El Paso, TX 79904-2541

Oscar Maynez
Osmaynez, LLC
1720 Judith Resnik Dr.
El Paso, Texas 79936

Osmaynez, LLC
4800 Dyer St., Ste. B
El Paso, Texas 79930

Tanzy & Borrego Law Offices, P.L.L.C.
Attn: Edgar J. Borrego & Miguel A. Flores
Re: *In re Maynez*, No. 19-31963 (Bankr. W.D. Tex.)
2610 Montana Avenue
El Paso, TX 79903-3712

**So ORDERED and SIGNED this 6th day of January 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**